May it please the Court, John Ballas, on behalf of the petitioner Adam Shelton, I intend to reserve about two minutes for rebuttal. In this habeas case, there are three claims for relief. One is an insufficiency of the evidence claim. The second is a due process claim by being barred from being able to rebut consciousness of guilt evidence. And the third is an Eighth Amendment cruel and unusual punishment claim. I'm intending to start with the second argument and then move towards the insufficiency of the evidence claim to the extent I have time. The facts of the case are relatively simple. An alarm went off at a CompUSA store in Roseville. Counsel, we've read the briefs. We know what the facts are. So to save you some time, you might want to just get to the legal issue. Okay. And part of the evidence was the government presented, the prosecution presented substantial evidence of consciousness of guilt. Mr. Shelton was found behind a dumpster near where the monitors were found. And when the employees confronted him, he walked or ran away. Ultimately, one of the employees called 911. So he wanted the jury basically to know that the reason that he was walking away quickly was because he was potentially a three striker and he didn't want to be falsely acute. Yes. Yes. He wanted to be able to explain the consciousness of guilt. The government presented their consciousness of guilt evidence. The jury was instructed that they could consider consciousness of guilt and determining guilt. And he had no way to really rebut that. He asked to be able to present evidence that he was a potential three striker. And even if innocent, he didn't want to be falsely accused. The California Court of Appeals balanced that against the longstanding rule in state and federal court that the possible punishment is not a permissible consideration for a jury in resolving questions of guilt or innocence. Applying the deferential standard of review to that determination, how can we declare that to be objectively unreasonable? Well, I think that's the general rule that the jury is not supposed to consider punishment in determining the guilt. But this is a particular specific case. It is a fundamental right to present a complete defense and to a fundamentally fair trial. The prosecution presented one side of the story and the defense was barred from presenting the other side of the story. But why wouldn't that same argument apply to every previously convicted felon whose sentence might be enhanced or he might even get a longer sentence without regard to a strike enhancement? Well, I think it's meaningfully very significantly different than a three strike situation. There's kind of studies done that when people are three strikes in everyone's consciousness that it's essentially a life sentence. In this case, 31 years to life with the enhancements. And in such a case, the people sometimes act out and there's some fear of actually, you know, confronting victims or witnesses or fleeing. And by the government, in this case, was a reasonably close place. It was all circumstantial evidence. There was no one who saw Mr. Shelton in the store taking the monitors out. And the government relied on the consciousness of guilt evidence fairly heavily. They presented significant evidence at the trial and they argued it. You're not really answering my question. I don't understand the difference, the analytical difference, between a recidivist who may not be subject to three strikes but who nonetheless knows that because he has a prior criminal history, the judge is likely to give him a stiffer sentence. Why wouldn't that same argument apply in every case so that it would swallow the rule that we don't want juries to know about the potential punishment? The best I can say is that it's a difference in degree and it's substantial degree. Well, suppose he's a drug dealer and he's looking at a mandatory minimum under the federal sentencing statute. Well, I think in some cases, I think that a lot of times maybe it's a strategic decision from the defense that they don't want to present that situation. So I haven't been able to find any case law specifically on this point because I think it's an unusual situation. But aren't we asking the Court to balance the prejudice from this testimony against its probative value? And it seems to me that we have to give a lot of deference to the district court in this kind of a situation. I don't think the standard should be a balancing of the prejudice versus the probative value. In this habeas context where it's the fundamental right to present a defense and to a fair trial, the question is if the prosecution is able to present one side of that his fling showed consciousness of guilt, shouldn't the defense be able to present the opposite side of that his fling was because he was afraid that he would be falsely accused of it and sentenced to life? Maybe the attack should be on what the government was allowed to present rather than keeping out this information which is just book law that you don't allow the jury to know what the sentence is going to be. Well, that could be a different argument. It was not raised in this case in this context. But I do think that there are two separate issues and I think the issue is legitimate here on the right to present a defense. On the insufficiency of the evidence claim. Before we leave that, counsel, why wasn't any error harmless? Well, I think in this case it was a very close case. The evidence was not overwhelming. There was no one that saw Mr. Shelton take the monitors from the store. It was essentially three pieces of evidence. Well, there was a lot of circumstantial evidence. There was no direct viewing of him taking the monitors, but there was considerable circumstantial evidence. There was two pieces of circumstantial evidence or two categories the way I would frame it. One is that Mr. Shelton was found crouching near a dumpster where the monitors were found. Well, he was seen entering the store on the video. And a customer identified him. I mean, a salesperson identified him as having been in the store shortly before closing time. Yeah. I would argue that the videotape did not show him in the store because it was kind of a grainy black and white video. There's a photo of it at Exhibit 122. You can't see the person's facial features. Both of the officers testified. But the jury heard all that and resolved it adversely to your client. Well, the question from the court was whether the error was harmless or not. And so in talking of the harmlessness of the error, my point is that it was a close case. The jury did find him guilty. But the evidence of consciousness of guilt evidence and the inability to be able to rebut that likely resulted in the guilty verdict. If he was able to present the information of why he was fleeing after all the consciousness of guilt evidence, after all the argument. Let me look at the other side of the coin, though. Judge Fletcher asked you about the probative versus the prejudicial nature. And a jury could well have heard the fact that he was facing three strikes and said, yeah, that's why he walked away. Very quickly, because he actually did it. And he knew that if he got caught, he was going to go down hard this time. So that wouldn't redound to his benefit if the jury saw it that way. Certainly, you could see it in different ways. But I think that's a strategic decision for counsel to make. And when counsel, defense counsel, decides that because there was so much consciousness of guilt evidence, because it employs such an important part, and, in fact, the government called it. So much consciousness of guilt. There was also circumstantial evidence that directly implicated him. The other evidence, separate and apart from the consciousness of guilt evidence, was convincing as well. I don't think it was that convincing without the consciousness of guilt. It was a grainy black-and-white photo and the fact that he was hiding behind a dumpster. He was a homeless person living at the Salvation Army. There were reasonable explanations that could have created reasonable doubt. And I'll save my last 50 minutes, 50 seconds. Okay. All right. We'll hear from the State now. May it please the Court. I'm Catherine Chapman, representing the Respondent Warden in this case. And I have just a few points to make about the claim that he should have been able to present evidence that he was subject to a three-strike sentence. The States are permitted wide latitude to establish rules excluding evidence. And they can do so without implicating the right to present a meaningful defense. California's rule precluding the jury from considering punishment is not an unusual rule. I think it's very common. There are good and sufficient reasons for such a rule. What we're concerned with, Counsel, is did this guy have a fair trial? Correct. That is what we're concerned about. Yes. And so this was his sole defense against the government's putting in a different theory for why he ran away. And is this a case where we should be having an exception to the rule? I don't think so. I mean, the fact that he didn't have any other defense to the crime is just simply a matter of there being extremely strong evidence that he committed the crime. Well, opposing counsel takes issue with your characterization of the evidence as being extremely strong. What's your response to opposing counsel's observation that he was not definitively identified on the video and no one saw him actually take the monitors? A couple of things. One, one store employee, Robinson, testified that he did notice Mr. Shelton in the store within 10 minutes of closing time, aside from the videotape. He was then discovered within seconds of the security alarm going off, acting furtively behind the emergency exit door with the stolen merchandise concealed in the same place where he was concealing himself. And most significantly, I think, you know, we talk about... So those are the two pieces of evidence, separate and apart from the consciousness of guilt, the fact that he was acting furtive and the fact that a store employee saw him in the store shortly prior to closing time. No, I think there's more. I think there's more. Okay, what more is there? Well, there are two individuals, Robinson, again, the store employee, and one of the officers, DeVries, who, after encountering him that evening, viewed the store videotape of whatever quality it is. They were able to say, this individual, we believe, is Mr. Shelton, who we encountered outside the store this evening. Now, you know, the weight of that evidence was for the jury to decide, and I know that the jury also saw the videotape for themselves so they could make that decision. But the one point I want to make is, even if we were to exclude this evidence, say that he was walking away, there's other evidence of consciousness of guilt in that he was seen behaving extremely suspiciously and furtively right outside the emergency exit door, right after the alarm went off, walking around the dumpster, putting the dumpster between himself and the rear door, watching the rear door, peeking around the dumpster, and as soon as he saw people arriving, that's when he starts to walk off. So there was lots of consciousness of guilt evidence even before he started to walk away. And then, when we talk about the prejudicial nature of the trial court's ruling excluding this evidence, I think we have to keep in mind, and again, the standard here is, did it have a substantial injurious effect on the verdict? We have to keep in mind here, we're talking about the three strikes law. Now, normally, we exclude evidence of punishment because there's always a possibility that jurors will be reluctant to impose a sentence, I mean, to find guilt when they think a sentence is lengthy. Now, with the three strikes law, we have to keep in mind, this is a law that was passed not only by the legislature, but by voter initiative. The voters quite clearly indicated their desire that individuals who commit more than one serious or violent felony go to prison for a long time. It was a popular law when it passed. It remains a popular law today. I think it would have been extremely counterproductive to have this evidence admitted at trial. If the court has no further questions? I think not. We would just request that the district court decision be affirmed. Thank you. Thank you, Ms. Chapman. Counsel, I think you have 51 seconds left. I don't really have any further rebuttal unless the court has any questions. Seeing none, I thank you. The case just argued is submitted.
judges: Fletcher B. , Tallman, Rawlinson